1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY WAYNE OLIVER,                    No.  2:14-cv-2364 GEB CKD P

12             Petitioner,

13        v.                                  ORDER

14   E. ARNOLD,

15             Respondent.

16

17        In this habeas action pursuant to 28 U.S.C. § 2254, petitioner challenges a 2012

18   disciplinary conviction for which he was assessed a 360-day loss of credits.  (ECF No. 1.)

19   Petitioner is serving a state prison term of 33 years to life pursuant to a 1984 criminal conviction.

20   (Id.)  On October 29, 2014, the undersigned ordered respondent to file a response to the petition

21   (ECF No. 6), and December 29, 2014, respondent filed an answer (ECF No. 10).  Petitioner has

22   filed a traverse.  (ECF No. 13.)

23        In Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015), the Ninth Circuit held that

24   habeas jurisdiction extends to claims involving prison disciplinary convictions only if petitioner's

25   success on the claim "would 'necessarily spell speedier release' from custody," which "would

26   include termination of custody, acceleration of future date of release from custody, or reduction

27   of the level of custody."  See Skinner v. Switzer, 562 U.S. 521, 533–34 (2011).  Applying

28   Skinner, the Nettles court held that the district court lacked jurisdiction over the discipline-related

1

claim of a California inmate serving an indeterminate life sentence who had passed his Minimum

Eligible Parole Date and not yet been found suitable for parole.  Under these circumstances,

neither expungement of the disciplinary finding nor restoration of lost good-time credits would

"necessarily" accelerate his release.  <u>Nettles</u>, 788 F.3d at 1004.

Alternatively, an inmate's potential release from a higher "quantum" of custody within a

prison can be a basis for federal habeas jurisdiction.  In <u>Nettles</u>, 788 F.3d at 1005, the Ninth

Circuit held that habeas jurisdiction exists for a prisoner who seeks "expungement of an incident

from his disciplinary record when that would lead to speedier release from disciplinary

segregation" –  i.e., a "quantum change" in the level of custody from the Security Housing Unit

("SHU") to the general prison population.  However, once an inmate's SHU term ends, "there is

no longer . . . a basis for habeas jurisdiction" under the "quantum change" theory.  <u>Pratt v.</u>

<u>Hedrick</u>, 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015).

In light of the Ninth Circuit's recent decision in <u>Nettles</u>, the undersigned will order

supplemental briefing on the issue of the court's habeas jurisdiction in this action.

Accordingly, IT IS HEREBY ORDERED that the parties shall file supplemental briefs,

not to exceed 10 pages, on the issue of jurisdiction in this action under <u>Nettles</u>, no later than thirty

days from the date of this order.

Dated:  September 29, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / oliv2364.nett

2